UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 22-20339 |
| Plaintiff, | HON. THOMAS L. LUDINGTON |
| v. | |
| D-1 JOHN DOUGLAS ALLEN, | |
| Defendant. | |

_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney, and J. Michael Buckley and Jerome Gorgon, Assistant United States Attorneys, submits that for the reasons provided below, a sentence of 109 months' imprisonment is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a)(2).

**I.      FACTUAL AND PROCEDURAL HISTORY**

**A.      Plea**

On July 18, 2022, pursuant to the terms of a Rule 11 plea agreement, Defendant Allen pled guilty to one count of extortion by wrongful use of force, violence, or fear, in violation of 18 U.S.C. §1951, and two counts of attempted

1

destruction of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i). Allen's guilty pleas arose from his actions in manufacturing two homemade pipe bombs and planting them outside cellular telephone stores and attempting to extort $5 million from cellular telephone service providers.

The resolution of this case is global in that it addresses charges in both the Eastern and Western Districts of Michigan; one of the cellular telephone stores (AT&T) is located in Sault Ste. Marie, in the Western District, and the other (Verizon Store) in Cheboygan, here in the Eastern District of Michigan.

The plea agreement recommends that the sentences on all three counts of conviction run concurrently.

**B.** **Facts**

On August 24, 2021, a maroon van with California license plate 5WFE503 was filmed by the Mackinac Bridge Authority as it crossed the Mackinac Bridge on northbound I-75. The rear door of the van displayed a sticker from a car dealership located in Standish, Michigan.

The next day, August 25, 2021, a Spectrum employee found a threatening letter (in a polka dot envelope in a sealed ziplock bag) containing a threat and extortion demand on the ground near a cell tower on US-2 near St. Ignace. The threat letter purported to be from the "Coalition for Moral Telecommunications,"

and it demanded $5 million to avoid destruction of cell phone facilities, ostensibly to end the dissemination of pornography on the internet.

The following day, August 26, 2021, an identically packaged, identical threat note, also ostensibly from the "Coalition for Moral Telecommunications" was found by a tower technician near Ontanagon Village, Michigan.

In addition to the money, the letters demanded that "all telecommunications containing immoral content must be stopped" within 180 days. The offending content included cursing, pornography, and "all manner of indecent communication." The letters claimed that Coalition membership stretched across 27 of the 50 states.

On September 15, 2021, at approximately 7:30 pm, a white male, later identified as Defendant John Allen ("Allen"), wearing a hat, mask, and dark glasses, was filmed by a security camera within a sporting goods store in Sault St. Marie, Michigan. Minutes later, at approximately 7:36 pm, Allen was filmed by store security cameras placing a box (containing a homemade pipe bomb) outside of the AT&T store located in the same shopping complex at 2972 W. 8th Street, Sault St. Marie.

At approximately 9:37 pm, the Mackinac Bridge Authority filmed Allen driving his van southbound across the Mackinac Bridge. At approximately 10:10 pm, Allen was filmed by a store security camera placing a box (containing a

homemade pipe bomb) outside of the Verizon Store located at 1006 S Main Street, Plaza 27, Suite 3, Cheboygan, Michigan.

The next morning, September 16, 2021, both boxes containing pipe bombs were discovered by local police officers and the FBI was contacted. Both boxes contained hand printed language stating "last warning" and that next time, it would be during "business hours." Both boxes had "Handcuff Johnny" written on them, and they both contained a set of handcuffs as well as an explosive device. Both devices were rendered safe by the bomb squad.

On September 18, 2021, based upon the dealership sticker on his van, the FBI requested information on all vehicles sold by the dealership which matched the description of the suspect van. One such van had been sold to Allen, and the dealership provided Allen's name and residential address.

On September 18 and 19, 2021, the FBI conducted physical surveillance at Allen's residence located on North Street in Whittemore, Michigan. On September 20, 2021, the FBI executed a search warrant at Allen's home. Allen and his wife were present at the time.

Allen waived his *Miranda* rights and agreed to be interviewed by FBI agents. Allen admitted to manufacturing both pipe bombs and to placing them in front of the respective cellular telephone stores. He stated that his reference to "Handcuff Johnny" was a reference to himself, as he believed that he would be caught by law

4

enforcement as a result of his actions. Allen claimed to be disgusted by the immoral content on phones and television. Allen identified the store security camera images as being himself. Allen admitted that he was acting alone and that the Coalition for Moral Telecommunications did not exist.

Analysis of the devices by an ATF explosives expert confirmed that both devices were improvised explosive devices (IED's), commonly called homemade "pipe bombs." Both were manufactured from sections of galvanized pipe approximately 5 inches in length, including end caps and with an approximate 1.7 inch inner diameter.

The devices had non-electric fusing systems and were not capable of being ignited or detonated remotely. A hole had been drilled to allow a hobby fuse to be inserted. The devices could not be activated unless the hobby fuse were to be lit with a match or lighter. Both contained a quantity of fragmentation (shrapnel) in the form of metal BB's (ATT/Sault St. Marie) or nails and metal BB's (Verizon/Cheboygan).

### III. SENTENCING GUIDELINE CALCULATIONS

The United States Probation Department has calculated a guideline range of 97 to 121 months based on a total offense level of 30 and a criminal history category I. In the Rule 11 Plea Agreement, the Government agreed not to seek a

sentence in excess of the mid-point of the Guideline range calculated by the Court. The mid-point of the Guideline range is 109 months.

## IV. SECTION 3553(a) SENTENCING FACTORS

In determining the appropriate sentence, the Court should not simply rely on the Guideline calculations, but should consider all of the factors in the Sentencing Reform Act and, in particular, those set forth in 18 U.S.C. § 3553(a). These factors include (i) the nature and circumstances of the offense, and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, and (iii) the need for the sentence imposed to afford adequate deterrence to criminal conduct.

In this case, a guideline sentence of 109 months is warranted.

### A. Nature and Circumstances of the Offense

The danger of the crimes that Allen committed cannot be overstated. He planted not one, but two fully functional pipe bombs containing shrapnel, in two separate locations. These pipe bombs could have taken lives, caused horrific personal injuries, and damaged the cell phone stores.

### B. History and Characteristics of Defendant Allen

Allen has no criminal history. The PSR provides a detailed account of Allen's personal background.

### C. Seriousness of the Offense, Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence

Allen's crimes of extortion and attempted destruction of cell phone stores were incredibly dangerous. Most disturbing is the fact that both pipe bombs he manufactured and planted contained shrapnel, which is designed to maximize damage and injury.

Furthermore, his crimes were not the result of a single bad decision, a momentary impulse, or an isolated exercise of poor judgment. It took a significant amount of time and careful planning for Allen to execute these crimes. He used a California license plate and clothing designed to conceal his identity while committing the crimes. He wrote demand notes and placed them strategically.

In prosecutions such as Allen's, the sentence imposed is important to promote respect for the law. The sentence imposed should reflect this purpose. Additionally, there is a strong need to deter others from committing similar crimes.

## **CONCLUSION**

For all of the above reasons, a sentence of imprisonment of 109 months is appropriate and necessary. Such a sentence would serve to adequately punish the defendant for his actions. In addition, this sentence would promote respect for the law and serve as deterrence for others.

                                              Respectfully submitted,

                                              DAWN N. ISON
                                              United States Attorney

Date: November 2, 2022

                                              *s/J. Michael Buckley*
                                              J. MICHAEL BUCKLEY
                                              Assistant United States Attorney
                                              101 First Street, Suite 200
                                              Bay City, Michigan 48708
                                              (989) 891-0361
                                              michael.buckley@usdoj.gov