UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 1:22-cr-20339

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge
JOHN DOUGLAS ALLEN,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

After pleading guilty to extortion by wrongful use of force, 18 U.S.C. § 1951(a), and attempted destruction of a building used in interstate commerce, 18 U.S.C. § 844(i), Defendant John Douglas Allen was sentenced to 75 months incarceration to be served concurrently with the identical sentence imposed in *United States v. Allen*, Case No. 1:22-cr-20367 (E.D. Mich.). Two days later, Defendant sent a letter to this Court seeking compassionate release. As explained, this letter, construed as a motion, will be denied.

**I.**

About three years ago, Defendant John Douglas Allen commenced a crusade to rid the internet of "immoral content, including pornography." *See* ECF No. 23 at PageID.78. To Defendant, his mission was noble. *See* ECF No. 41. But the means Defendant chose to pursue this mission were criminal. *See* ECF No. 34.

Indeed, in August 2021, Defendant drove to Michigan's Upper Peninsula and placed three "threatening notes" on cellphone towers. ECF No. 23 at PageID.77. Defendant addressed these notes from the "Coalition for Moral Communications" to "AT&T, Verizon, and all other

Carriers" and demanded five million dollars and "cessation of all immoral content, including pornography, on the internet." *Id.* at PageID.77–78. These notes promised "the destruction of cell towers" if the cellphone companies did not meet these demands. *Id.* at PageID.78.

The following month, Defendant gave these companies a "last warning." *Id.* at PageID.79. To that end, Defendant produced "two . . . pipe bombs at his home." *Id.* at PageID.78. Defendant then planted these bombs outside two cellphone stores—one at AT&T and one at Verizon—on the evening of September 15, 2021. *Id.* at PageID.78–79. Next time, Defendant warned, he would plant bombs "during business hours." *Id.* at PageID.79.

The Government moved quickly, charging Defendant with extortion by wrongful use of force, 18 U.S.C. § 1951(a), and attempted destruction of a building used in interstate commerce, 18 U.S.C. § 844(i), on September 21, 2021. ECF No. 1. Defendant pleaded guilty on July 18, 2022. ECF No. 23.

After Defendant entered his guilty plea, a probation officer produced a presentence investigation report. ECF No. 31 (sealed) [hereinafter PSR]. The PSR included Defendant's medical information and age. *See* PSR ¶¶ 73, 77–78. This Court considered this information before it sentenced Defendant. This Court also considered the factors outlined in 18 U.S.C. § 3553(a) and the Government's recommendation for a 109-month prison sentence, which was in the middle of Defendant's 97-to-121-month Guidelines range. *See* ECF No. 33 at PageID.190–97. With all this in mind, on November 9, 2022, this Court varied downward and sentenced Defendant to 75 months imprisonment. ECF No. 34 at PageID.199–200. This sentence runs concurrently with an identical sentence imposed in *United States v. Allen*, Case No. 1:22-cr-20367 (E.D. Mich.). *Id.*

Despite this downward variance, just two days after sentencing, Defendant sent a letter to this Court seeking a compassionate release. ECF No. 35. In an order dated August 11, 2023, this Court determined that it would address Defendant's letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 36.

## II.

Since the "dawn of the [American] Republic," federal trial courts have enjoyed vast discretion when crafting and imposing sentences. *Concepcion v. United States*, 597 U.S. 481, 486 (2022). But after a sentence is crafted and imposed, a court's discretion is "cabined," and it may only modify the sentence when congressionally authorized to do so. *Id.* at 495; *see also United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2506 (2023) (citing 18 U.S.C. § 3582(b)–(c)) (explaining the limits on district courts' discretion to modify sentences and the importance of finality in sentencing). One such congressional authorization involves "compassionate release" sentencing reductions—which are still subject to prudence and discretion-limiting criteria—under 18 U.S.C. § 3582(c)(1)(A). *See McCall*, 12 F.4th at 1054–55.

Under the compassionate release framework, courts may reduce an inmate's term of imprisonment upon motion of the BOP. 18 U.S.C. § 3582(c)(1)(A). And, since Congress enacted the First Step Act of 2018, prisoners can submit these motions themselves if they exhaust the BOP's administrative process or wait thirty days after the warden receives their release application, whichever is first. *Id.* If properly exhausted, reviewing courts employ "a three-step inquiry" to determine whether compassionate release is proper. *McCall*, 56 F.4th at 1054 (cleaned up). First, courts must find that the prisoner has shown "that 'extraordinary and compelling' reasons warrant" compassionate release. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Second, "[c]ourts must confirm that any sentence reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). And third, "defendants must persuade the district judge to grant the motion after the court considers the § 3553(a) factors." *Id.* District courts may only grant the motion if all three criteria favor release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A. Exhaustion

Because Defendant moved for compassionate release two days after his sentencing, Defendant did not first exhaust the BOP's administrative process or wait thirty days after his prison's warden received an application for his release. *See* ECF No. 35. But Defendant's lack of exhaustion of these release processing procedures does not deprive this Court of subject matter jurisdiction. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). True, when "properly invoked," courts must "enforce these mandatory claim-processing rules." *Id.* at 834. Yet the Government did not invoke this exhaustion issue in its briefing. *See generally* ECF No. 38. The Government therefore forfeited this issue, and this Court will address the merits of Defendant's Motion. *United States v. Omar*, No. 2:22-CR-00182, 2024 WL 2747862, at *2 (S.D. Ohio May 29, 2024).

#### B. Extraordinary and Compelling Analysis

Defendant invokes two reasons for release in his Motion: (1) medical conditions and (2) age. ECF No. 35 at PageID.205. Neither reason is extraordinary and compelling under these circumstances, so Defendant has not met the first compassionate release criteria.

Congress left "extraordinary and compelling" undefined. *See* 18 U.S.C. § 3582(c)(1)(A). But Congress tasked the Sentencing Commission with promulgating policy statements that

"describe what should be considered extraordinary and compelling reasons for a sentencing reduction." 28 U.S.C. § 994(t). The Sentencing Commission did just that when it promulgated U.S.S.G. § 1B1.13.[1] *Omar*, 2024 WL 2747862, at *2. And in § 1B1.13, the Sentencing Commission included both medical conditions and age as extraordinary and compelling predicates for release under certain circumstances. *See* U.S.S.G. § 1B1.13(b)(1).

### 1. Defendant's Medical Conditions

Defendant has two medical ailments. *See* ECF No. 35 at PageID.205. To that end, Defendant suffers from muscular dystrophy and Chronic Obstructive Pulmonary Disease (COPD). *Id.*; ECF No. 38 at PageID.222. Based on the information in Defendant's Motion, neither condition is extraordinary and compelling.

Relevant here, § 1B1.13 includes a subsection detailing several extraordinary and compelling medical reasons that may warrant compassionate release: (1) the defendant has a terminal illness; (2) the defendant has a "substantially diminishe[d]" ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" because the defendant has a "serious physical or medical condition," is "suffering from a serious functional or cognitive impairment," or is "deteriorating physical or mental health

---

[1] In *McCall*, the Sixth Circuit held that courts could freely define what constitutes an "extraordinary and compelling" reason for release when prisoners initiate compassionate release motions because the Sentencing Commission—at the time the Sixth Circuit decided *McCall*—had not issued a policy statement with such definitions since Congress enacted the First Step Act. 56 F.4th at 1054 ("As of today, the Sentencing Commission has not adopted a policy statement that applies when a 'defendant (as opposed to the Bureau of Prisons) files' a motion."). But about a year after *McCall*, in November 2023, the Sentencing Commission published a policy statement doing so. *See United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *4 (S.D. Ohio Feb. 2, 2024). So this Court will heed the policy statement's new guidance. *See United States v. Ruffin*, 978 F.3d 1000, 1007 (6th Cir. 2020) (citing *Dillon v. United States*, 560 U.S. 817, 824–30 (2010)) ("[T]he Supreme Court has already held that courts must follow the Commission's policy statements in this sentence-modification context even after it made the guidelines advisory in the sentencing context.").

because of the aging process"; or (3) the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[2] U.S.S.G § 1B1.13(b)(1).

From the start, Defendant faces a major hurdle because all his medical conditions existed at the time of his sentence because, after all, it was imposed two days before Defendant sent his Motion. *Compare* ECF No. 34 *with* ECF No. 35. Indeed, this Court acknowledged Defendant's "ailing health" and requested a particular prison to accommodate these conditions. *See* ECF No. 34. This fact damages the merits of Defendant's Motion because invoking conditions that existed at sentencing without more is generally lethal to compassionate release motions.[3] *See United States v. Pulley*, 652 F. Supp. 3d 895, 900 (E.D. Mich. 2023); *but see* U.S.S.G § 1B1.13(e) ("For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.").

Even so, Defendant's medical conditions, by themselves, are not extraordinary and compelling—neither condition is a terminal illness. *See United States v. Banks*, No. 2:18-CR-20462, 2022 WL 2679417 (E.D. Mich. July 11, 2022) (COPD not extraordinary and compelling); *United States v. Shaw*, No. 15-CR-20750, 2020 WL 4435169, at *2 (E.D. Mich.

---

[2] In addition, § 1B1.13(b)(1)(D) contemplates risks associated with "outbreak[s] of infectious disease or the ongoing public health emergenc[ies]," but Defendant makes no reference to such outbreaks in his Motion, so this Court does not address that portion of the policy statement. *See generally* ECF No. 21.

[3] Part of the reason courts resist releasing prisoners based on facts that existed at sentencing is that doing so would "transform[] § 3582(c)(1)(A) into an unbounded resentencing statute." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021).

Aug. 3, 2020) (same); *United States v. Morrison*, No. 2:13-CR-098, 2021 WL 2637393, at *3 (E.D. Tenn. June 25, 2021) (same); *United States v. Gadsden*, No. CR 09-305, 2020 WL 5407914, at *3 (W.D. Pa. Sept. 9, 2020) (muscular dystrophy not extraordinary and compelling).

Nor are Defendant's conditions extraordinary and compelling when considered together. *See United States v. Jackson*, No. 2:19-CR-20396, 2022 WL 107577 (E.D. Mich. Jan. 11, 2022) (denying compassionate release to inmate with hypertension and asthma); *United States v. Banks*, No. 2:18-CR-20462, 2022 WL 2679417 (E.D. Mich. July 11, 2022) (same for COPD, lupus, high blood pressure, arthritis, and obesity); *United States v. Mukherjee*, 614 F. Supp. 3d 560, 570 (E.D. Mich. 2022) (same for 80-year-old inmate with hypertension, diabetes, obesity, kidney disease, and enlarged prostate).

And even if Defendant's medical conditions are sufficiently severe, Defendant's Motion is devoid of information indicating that his ability for self-care is "substantially diminished" or that he is not receiving needed medical care. *See generally* ECF No. 35. In fact, in a letter Defendant later sent this Court, he details several instances where he received required medical treatment, revealing that the prison can manage his medical complications. *See* ECF No. 39 at PageID.231. Combined, these flaws are fatal—they render Defendant's medical conditions neither extraordinary nor compelling. *See United States v. Cornman*, No. 2:21-CR-7, 2023 WL 33448, at *3–4 (W.D. Mich. Jan. 4, 2023).

### 2. Defendant's Age

Nor is Defendant's age—now 78 years old, *see* PSR ¶ 73—an extraordinary and compelling reason for compassionate release. The Sentencing Commission's 2023 policy statement contemplates that age can be extraordinary and compelling when a defendant satisfies each of the following conditions: "The defendant (A) is at least 65 years old; (B) is experiencing

a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

While Defendant satisfies the first condition and arguably the second, he does not satisfy the third. True, Defendant is over 65 and has health complications. *See* ECF No. 38 at PageID.224; *see also* PSR ¶¶ 73, 77–78. But Defendant has not served at least seventy-five percent of his sentence.[4] Indeed, Defendant's projected release date is January 18, 2027, so Defendant has served, at most, about sixty-three percent of his sentence. *See* ECF. No. 38 at PageID.222. And even ignoring the policy statement's guidance, Defendant's age—combined with his medical complications—does not warrant a compassionate release at this juncture because Defendant has not demonstrated that these concerns cannot be easily managed in prison. *See United States v. Mukherjee*, 614 F. Supp. 3d 560, 570 (E.D. Mich. 2022) (stating 80-year-old inmate with hypertension, diabetes, obesity, kidney disease, and enlarged prostate did not demonstrate extraordinary and compelling circumstances when prison could manage the health complications); *see also United States v. Weems*, No. 2:11-CR-00071-JRG-1, 2022 WL 885168, at *2 (E.D. Tenn. Mar. 24, 2022) (stating 78-year-old inmate with several health complications that existed at sentencing did not demonstrate extraordinary and compelling circumstances when

---

[4] Of course, so long as Defendant follows the mandatory claims processing procedures under 18 U.S.C. § 3582(c)(1)(A), Defendant can file a new motion for compassionate release when he has served seventy-five percent of his sentence. Indeed, at that point, Defendant would likely meet all three conditions under the policy statement's provision regarding age and satisfy 18 U.S.C. § 3582(c)(1)(A)'s "extraordinary and compelling" inquiry. *See* U.S.S.G. § 1B1.13(b)(2). Based on this Court's calculation of Defendant's sentence length, time-served credit, and projected release date, this Court *estimates* that Defendant would need to file this new motion after July 2025. To be clear, as noted, this is an estimate, and is ultimately subject to the BOP's sentence-percentage calculations.

prison could manage these complications). At bottom, Defendant has not shown extraordinary and compelling reasons for a compassionate release.[5]

### C. 18 U.S.C. § 3553(a) Factors

The § 3553(a) factors further support denying Defendant's Motion. This Court could decline to proceed further because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But for completeness, this Court will consider the § 3553(a) factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . . .
>
> (5) any pertinent policy statement—
>
> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

---

[5] To be clear, this Court acknowledges that COPD is troublesome. *See United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *4 (E.D. Tenn. Apr. 15, 2020). The issue here is that Defendant has not carried his burden in showing that his COPD is extraordinary and compelling under *these* circumstances *at this juncture*.

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553(a) and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record as a whole demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotation marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

This Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 34. That "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And Defendant has not demonstrated any flaw in that analysis.

True, Defendant continues to show remorse and accept responsibility for his crimes. Indeed, more than once, Defendant has expressed that he takes full responsibility for what he did in letters that he sent this Court. *See* ECF. No. 35 at PageID.206 ("I take full responsibility for my actions."); ECF No. 41 at PageID.235 ("[T]he fact remains that I did this crime."). And Defendant states that upon reflection, he understands that what he did was wrong. ECF No. 41 at PageID.235 ("I was wrong, so wrong. This . . . was a grave mistake on my part!"); ECF No. 39 at PageID.231 ("I did really wrong! I deserve all of it!"). These letters are laudable.

But the nature and circumstances of Defendant's crime are serious, weighing against release. Defendant sought to extort millions of dollars from cellphone companies and manufactured and planted two bombs containing shrapnel in public areas. ECF No. 23 at PageID.77–79. In this vein, Defendant's current sentence is vital "to reflect the seriousness of the offense" and "promote respect for the law." 18 U.S.C. § 3553(a)(2); *see also United States v. Lebron*, 492 F. Supp. 3d 737, 741 (N.D. Ohio 2020), *aff'd*, 850 F. App'x 383 (6th Cir. 2021).

The remaining length of Defendant's sentence also weighs against release. *See United States v. Pulley*, 652 F. Supp. 3d 895, 902 (E.D. Mich. 2023) (noting that a substantial remaining length of a sentence weighs against release). With Defendant's projected release date of January 18, 2027, ECF No. 38 at PageID.222, Defendant has about 27.5 months left on his sentence. This remaining time is substantial—especially because this Court already varied downward to craft a 75-month-term-of-imprisonment sentence for Defendant, contemplating his age and medical conditions. *See, e.g.,* ECF No. 34 at PageID.199 ("Due to [D]efendant's ailing health, it is respectfully recommended he be designated to FCI Milan in order to remain close to his family."). And Defendant presents no information beyond what was already considered at sentencing to justify an additional 27.5-month reduction in his sentence.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today nor that consideration of the § 3553(a) factors warrant a sentence reduction. As a result, his Motion, ECF No. 35, will be denied.

**IV.**

Accordingly, it is **ORDERED** Defendant's Motion for Compassionate Release, ECF No. 35, is **DENIED WITHOUT PREJUDICE**.

Dated: October 4, 2024    <u>s/Thomas L. Ludington</u>
                         THOMAS L. LUDINGTON
                         United States District Judge